IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _PG_ D.C.
05 JUN 15 PM 3:01
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| MEMPHIS-SHELBY COUNTY AIRPORT AUTHORITY, et al., | ) ) ) | |
| Plaintiff, | ) ) | No. 03-2649-B/P |
| vs. | ) ) | |
| UNITED STATES FIRE INSURANCE CO., | ) ) ) | |
| Defendant. | ) | |

|  |  |  |
|---|---|---|
| ONEBEACON AMERICAN INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiff, | ) ) | No. 04-2432-B/An |
| vs. | ) ) | |
| JACO AIRFIELD CONSTRUCTION, INC., et al., | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Before the Court is Plaintiff OneBeacon American Insurance Company's ("OneBeacon") Motion for Attorney's Fees, which is incorporated in Plaintiff's motion to compel, filed on January 18, 2005, (dkt #29), and in Plaintiff's response to Defendant JACO

Airfield Construction, Inc.'s ("JACO") appeal from the order granting the Plaintiff's motion to compel discovery. Defendant filed its response on May 20, 2005. For the following reasons, the motion is DENIED.

## I. BACKGROUND

Plaintiff served its First Set of Interrogatories and First Request for Production of Documents on JACO on September 21, 2004. JACO served its responses on Plaintiff on January 15, 2005. Plaintiff contends that JACO's responses were inadequate because they referred Plaintiff to depositions and other documents. In its response, JACO asserted that the burden in producing the documents and answering the interrogatories was the same for JACO as it was for the Plaintiff, and therefore, JACO's discovery responses were adequate because they properly referred Plaintiff to records where discovery answers could have been ascertained. On March 1, 2005, Magistrate Judge Anderson granted the Plaintiff's motion to compel and held that when answering interrogatories and document requests the responding party can refer to depositions and other documents, but the response must adopt and incorporate the deposition testimony and state the exact page and line where the information can be found. JACO objected to the order and filed an appeal with the District Judge. On April 26, 2005, the District Judge affirmed Judge Anderson's order and referred the Plaintiff's motion for attorney's fees to this Magistrate Judge. The Plaintiff seeks an

award of reasonable attorney's fees incurred by its counsel in moving to compel and in responding to JACO's objections to Judge Anderson's order.

## II. ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure states that if a motion to compel is granted "the court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A). In the original motion to compel, the Plaintiff argued that in order for JACO's responses to the interrogatories and production requests to be adequate, the answers must be complete in themselves and may not refer to depositions or other documents. JACO argued in response to the motion to compel that the given answers were adequate because they properly referred the Plaintiff to records where the desired information could be obtained. In granting the motion to compel, Judge Anderson held that references to depositions and other documents are permissible if the responding party specifically identifies the page and line numbers where the responsive information can be found. Therefore, because there was

a reasonable dispute as to the specificity required of the responses, JACO's objection to the motion to compel was substantially justified. In addition, the Court is not inclined, under the circumstances of this particular case, to sanction JACO for exercising its right to appeal.

### III. CONCLUSION

Accordingly, the Court DENIES the motion for attorney's fees.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


__June 15, 2005__
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 59 in case 2:04-CV-02432 was distributed by fax, mail, or direct printing on June 16, 2005 to the parties listed.

---

R. Grattan Brown
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Jennifer M. Bermel
ROSSIE LUCKETT PARKER & RIDDER
1669 Kirby Pkwy
Ste. 106
Memphis, TN 38120

Jeremy G. Alpert
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Frank B. Thacher
BURCH PORTER & JOHNSON PLLC
130 N. Court Ave.
Memphis, TN 38103

Jennifer A. Sink
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

R. Alan Pritchard
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Jerry B. McNally
MCKENNA LONG & ALDRIDGE, LLP
303 Peachtree St., NE
Ste. 5300
Atlanta, GA 30308

William O. Luckett
ROSSIE LUCKETT PARKER & RIDDER
1669 Kirby Pkwy
Ste. 106
Memphis, TN 38120

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Stephen D. Crawley
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

James W. Bruner
BROWN HAY & STEPHENS
205 S. 5th St.
Ste. 700
Springfield, IL 62705--245

Honorable J. Breen
US DISTRICT COURT